19783

James ANDERSON, Appellant, v. Kirby POU d/b/a Kirby's Harley Davidson Sales and Kilbourn Finance Corporation, Respondent

(203 S. E. (2d) 391)

*Luther M. Lee, Esq.,* of Columbia, *for Appellant,*

*N. Heyward Clarkson, III, Esq.,* of Columbia, *for Respondent*

March 5, 1974.

LITTLEJOHN, Justice:

This jurisdictional dispute arises out of a tort action for false arrest and imprisonment commenced by appellant, James Anderson, against the respondent, Kilbourn Finance Corporation, of Wisconsin, and a codefendant, Kirby Pou, doing business as Kirby's Harley-Davidson Sales, in Columbia, South Carolina.

The Richland County Court granted the motion of Kilbourn to dismiss the action so far as it affected Kilbourn. Anderson has appealed.

On June 19, 1970, Anderson purchased a motorcycle from Pou in Columbia and signed a retail installment contract, creating a lien on the motorcycle, as a portion of the consideration. Pou assigned this installment contract, with recourse, to Kilbourn. The assignment was accepted by Kilbourn at its home offices in Milwaukee, Wisconsin. After Anderson allegedly defaulted in his monthly payments, Kilbourn, for value received reassigned all of its interest in the contract to Pou. The reassignment was dated April 20, 1972, and indicated that Pou paid Kilbourn $380.72 for the return of the contract by way of a deduction from reserves.

Thereafter, according to the complaint, Pou had Anderson charged with the criminal offense of disposing of property under lien and arrested. This arrest and subsequent imprisonment is the basis of Anderson's claim in this action. The complaint alleges that Pou procured the warrant of arrest while acting as an agent of Kilbourn. The affidavit of R. A. Gaedke, Vice President of Kilbourn, negates this allegation, and there is nothing in the showing made by Anderson to contradict this affidavit.

When the event, which gave rise to this cause of action occurred, Kilbourn had no interest in the underlying installment contract. By clear inference from the record, the warrant was sworn out for Anderson by Pou after Kilbourn had charged Pou with the balance due on the assigned contract and had reassigned the contract to Pou. Inasmuch as the relationship between Anderson and Pou was exactly the same when Anderson was arrested on Pou's warrant as it would have been if Kilbourn had never intervened, we view this cause of action as arising out of that relationship and unconnected with contacts Kilbourn may otherwise have had with this State. Therefore, neither § 12-23.14 nor § 10-424, upon which Anderson relies, nor § 10.2-803 authorize *in personam* jurisdiction of Kilbourn in this action.

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.